## J. H. McCANN v. THE STATE.

### No. 1871. Decided December 22, 1898.

**1. Dentistry—Practice of Without License—Indictment or Information Negativing Exceptions.**

Penal Code, article 451, which denounces a penalty for practicing dentistry without having first procured a license, contains a provision that it "shall not be construed to prevent persons from extracting teeth, nor in any way interfere with physicians or surgeons in their practice as such." Held, these are exceptions, and an indictment or information for the offense denounced in article 451 which does not negative these exceptions is fatally defective.

**2. Same—Ameliorated Penalty—Charge.**

On a trial for practicing dentistry without license, where the alleged offense occurred after the passage of the Act of 1897, but before it went into operation, it was error to charge the punishment as provided in the Act of 1897, it not being an amelioration of the punishment prescribed in the Act of 1889, which was still in effect at the time the offense was alleged to have been committed.

APPEAL from the County Court of Nacogdoches. Tried below before Hon. H. F. DUNSON, County Judge.

Appeal from a conviction for practicing dentistry without license; penalty, a fine of $25.

The charging part of the information is set out in the opinion. Defendant made a motion to quash the information, "Because it does not allege that such act of practice was not then and there the extracting of teeth; because the law under which he is prosecuted has been repealed, and because the information does not allege that the defendant, at the time, was not a physician and was not a surgeon."

This motion was overruled.

No further statement necessary.

*Ingram & Ratliff,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with practicing and engaging in the practice of dentistry for a fee and reward, and as such practicing dentist did practice and work at dentistry upon the person of R. L. Keely, for which said practice and dental work the said J. H. McCann received a fee and reward, without first having obtained from some board of examiners, duly appointed and authorized by law to issue license for the practice of dentistry, a license to practice dentistry. This is the charging part of the information. This prosecution is based upon article 451, Penal Code, being the Act of 1889. Said act provides: "Any person who shall in violation of the provisions of this law practice dentistry in this State for a fee or reward, shall be liable to indictment, and on conviction shall be fined not less than one hundred nor more than two hundred dollars; nor shall it be construed to prevent persons from extracting teeth, nor in any way interfere with physicians and sur-

geons in their practice as such." Other provisions of said act require a license from a board of examiners as a prerequisite to the practice of dentistry. Several reasons were urged as grounds of the motion to quash the information,—among others, that it did not negative the exceptions set out in article 451. We believe this ground of the motion is well taken. The provisions of this section did not prevent persons from extracting teeth, nor did it interfere with physicians and surgeons in their practice as such physicians or surgeons. These are a part of the definition of this offense, or, rather, they are exceptions to its provisions, and said exceptions should have been negatived in the information.

By the Act of 1897, a different definition and a different punishment was provided by the Legislature in regard to the subject matter of this prosecution. By the provisions of the Act of 1897, the Act of 1889 was repealed. The judge recognized this, and charged the punishment provided in the Act of 1897, which was a fine of not less than $25 nor more than $300. The punishment under the Act of 1889 was not less than $100 nor more than $200. This alleged offense occurred after the passage of the Act of 1897, and before it went into operation. The court evidently construed the punishment of 1897 to be an amelioration of that of 1889. We think in this he was in error. While the minimum punishment under the Act of 1897 was considerably less than the minimum under the Act of 1889, yet the maximum was considerably above the maximum of the prior act, and the jury could have assessed the punishment at $300. This certainly would not have been an amelioration of a punishment thertofore limited to $200. This much is said in view of the fact that there may be a further prosecution of the case. Because the complaint and information fail to negative the exceptions set out in article 451, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*