### E. A. Harrison v. The State.

#### No. 3252.   Decided March 8, 1905.

**1.—Aggravated Assault—Variance in Pleading.**

Where the information alleged that the assault was committed upon "Pierce Mounts," and the complaint alleged an assault upon "Pierce Mount," the variance is fatal.

**2.—Same—Self-Defense—Standpoint of Defendant—Requested Charge.**

Where the court, in a case of aggravated assault, charged on the law of self-defense and omitted to say that in passing thereon that the jury must look at the matter from the standpoint of defendant, and whether from this there was reasonable apprehension that an assault was about to be made upon him by the prosecutor or those acting with him, the issue arising from the evidence, the charge was too restrictive, and the requested charge covering this defect should have been given.

**3.—Same—Charge of Court—Weapons Used.**

Where the preponderance of the evidence in a case of aggravated assault, showed that the defendant struck with a pistol instead of a slung-shot as charged in the information, the court should have instructed the jury that if they believed from the evidence that defendant struck the prosecutor with a pistol and not with a slung-shot to acquit him.

Appeal from the County Court of Wise. Tried below before Hon. John G. Gose.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*T. J. McMurray,* for appellant.—No doctrine is better settled than that the danger need not be real, if it so appeared to defendant from his standpoint. Patillo v. State, 22 Texas Crim. App., 596; Phipps v. State, 34 Texas Crim. Rep., 608; Fuller v. State, 30 Texas Crim. App., 559; Stevenson v. State, 17 Texas Crim. App., 618; Woodring v. State, 33 Texas Crim. Rep., 26.

The statute, Penal Code, article 593 (White's Penal Code), section 6, gives appellant the right to strike, when threatened, and the court had no where protected appellant with a charge. Munden v. State, 37 Texas, 353; Woodring v. State, 33 Texas Crim. Rep., 26; Phipps v. State, 34 Texas Crim. Rep., 608; Law v. State, 34 Texas Crim. Rep., 79; Smith v. State, 33 Texas Crim. Rep., 513.

In Adams v. State, 11 Texas Ct. Rep., 695, Judge Davidson said, it was reversible error not to give a charge very similar to the one requested in this case. All the evidence showed that appellant acted upon appearance of danger, he never attempted to strike until Mount raised his hand.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The complaint charged an assault upon "Pierce Mount." The information alleged it to have been committed upon "Pierce Mounts." One of the grounds of the motion in arrest of judgment was based upon the variance between the names contained in the complaint, and that set out in the information: one being Mount and the other Mounts: We believe this point is well taken.

The court charged the jury in regard to self-defense: "You are instructed that every person is permitted by law to defend himself against any act of unlawful violence offered to his person; but in exercising his right of self-defense he is only permitted to use such degree of violence as is reasonably necessary to prevent or protect himself against such unlawful violence." And further if appellant acted in his necessary self-defense against an assault made by Pierce Mount upon him, or to prevent such an assault, and that he did not use greater force than was necessary to prevent such assault, they would find him not guilty. Exception was taken to this charge; and the following charge requested: "In passing upon the right of self-defense of defendant, you will look at the matter from the standpoint of defendant, and if it reasonably appeared to defendant, that an assault was about to be made upon him by Pierce Mount, or those acting with him, he had a right to strike in defense of his person, and if you so believe, you will find defendant not guilty." This was refused. This charge should have been given. The charge given by the court was too restrictive. A special charge was asked to cover this defect, which should have been given. If this case should again be tried, the court should instruct the jury to the effect that if they believed appellant was struck with a pistol and not with a slung-shot, they would acquit. The great preponderance of the evidence shows that he was struck with a pistol and not a slung-shot. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.