## Jim Willis et al. v. State.

### No. 1897.    Decided October 30, 1912.

### Rehearing denied November 20, 1912.

**1.—Scire Facias—County Court—Bail Bond.**

   Where the bail bond required defendant to personally appear at the first day of the next term of the County Court, etc., to answer a charge of petty theft, as required by law, the bond was not more onerous than required by law.

**2.—Same—Jurisdiction—Constitutional Law—Civil Cases.**

Article 5, Section 8, Constitution, which gives the District Court jurisdiction of all suits in behalf of the State to recover penalties, etc., applies exclusively to civil cases, and not to forfeitures of bail bonds in criminal cases; and in misdemeanor cases in the County Court, that court has jurisdiction in the forfeiture and final judgment of all bonds and recognizances taken in criminal cases of which that court has jurisdiction.

**3.—Same—Jurisdiction—Forfeiture of Bail Bond—Justice Court.**

Under 107, Code Criminal Procedure, the Justice Court shall also have power to take forfeitures of all bail bonds in cases pending in that court.

**4.—Same—Nunc Pro Tunc—Judgment.**

Upon trial of a scire facias case, there was no error in entering the final judgment on a judgment nisi nunc pro tunc, on motion of the State.

Appeal from the County Court of Falls. Tried below before the Hon. W. E. Hunnicutt.

Appeal from a judgment final upon judgment nisi of $100.

The opinion states the case.

*E. W. Bounds, for appellant.*—On the question of jurisdiction: State v. Miguel, 23 S. W. Rep., 389; State v. Schuenamann, 46 S. W. Rep., 260; Hill Co. v. Atchison, 49 S. W. Rep., 141; Myers v. State, 105 S. W. Rep., 48; State v. Eggerman & Co., 81 Texas, 571; Houston v. State, 13 Texas Crim. App., 560; Goodin v. State, 14 id., 443; McWhorter v. State, 14 id., 239; Hester v. State, 15 id., 418.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—By proper complaint and information, filed on March 1, 1910, Jim Willis was properly charged in the County Court of Falls County, Texas, with the theft of one pair of shoes of the value of $4. On the same day in that case he gave a bail bond, with Frank Peacock and B. L. Taylor as sureties, in the sum of $100, properly payable and conditioned, as required by law, to make his personal appearance at the first day of the next term of said court, and from day to day and term to term as required by law and the condition of said bond. On October 24, 1910, a forfeiture nisi of said bond was regularly and properly taken and entered. Thereafter the proper citation issued to the sureties, which was properly served on them. On June 5, 1911, in answer to said citation, the sureties, it seems, filed an answer by attorney, which, if proven, might have been sufficient to have prevented a final judgment. Notwithstanding this answer and without it having been called to the attention of the court or the county attorney, and without the knowledge by either of them, on September 4, 1911, a judgment final by default was rendered on said bond and proper entry made thereof on the judge's docket. By some oversight that final judgment was not entered at that term of the court. On December 18, 1911, the county

attorney, by proper motion setting up the rendition of said final judgment, moved the court to enter the same nunc pro tunc and proper notice thereof was issued and served upon the said sureties. By their attorney they filed an answer to this motion resisting the motion and the entry of said judgment nunc pro tunc on the grounds that prior to the entry thereof and during the term of said court at which said final judgment was rendered appellant's attorney made an agreement with the county attorney to continue all of the State cases that he had for that term, because he would be absent and that said final judgment was illegal and void on the following grounds: (1) That said County Court was without authority to render such a judgment because the Constitution, Article 5, Section 8, expressly gave the District Court exclusive jurisdiction of all suits in behalf of the State "to recover penalties, forfeitures and escheats," and that this proceeding was that character of suit. (2) That no facts were introduced and no evidence heard or considered when said judgment by default was rendered; and (3) in addition, appellant now claims but did not claim in the lower court, that said final judgment is void because the bond is more onerous than required by law in that it required the personal appearance of the appellant before the court.

The punishment for petty theft is by imprisonment in the county jail not exceeding two years and by fine not exceeding $500 or by such imprisonment without fine. Penal Code, Article 1341. The statute expressly requires that the defendant must be personally present on the trial in prosecutions for all felonies and for prosecutions for misdemeanors where the punishment or any part thereof is imprisonment in jail. C. C. P., Article 646. So that the bond was not more onerous than required but was in strict compliance with the law.

That provision of our Constitution, Article 5, Section 8, which gives the District Court jurisdiction "of all suits in behalf of the State to recover penalties, forfeitures and escheats" applies to and has always been construed by all courts to mean, exclusively civil cases. And has never been construed by any court to apply to forfeitures of bail bonds in criminal cases.

Both the Supreme Court and this court hold that the forfeiture of bail bonds in criminal cases is a mere incident to the criminal case, and that while after the rendition of the judgment nisi the proceedings shall be conducted as civil cases, yet that all such cases are criminal cases and not civil cases and the State cannot appeal therefrom. See some of the cases collated from this and the Supreme Court in Section 437, p. 320, of White's C. C. P.

The first Legislature after the adoption of our Constitution, in enacting laws in compliance with the changes therein made in our judiciary, expressly provided, Article 99, Code Crim. Proc., that the County Courts shall have jurisdiction in the forfeiture and final judgment of all bonds and recognizances in criminal cases of which criminal cases said courts have jurisdiction. And also Article 107,

Code Crim. Proc. that the Justice Courts shall also have power to take forfeitures of all bail bonds given for the appearance of any parties at said courts, regardless of the amount. The construction, therefore, of said constitutional provision, Article 5, Section 8, by the executive, judicial and legislative branches of the government have uniformly been that the District Court does not have exclusive jurisdiction of the forfeiture of bail bonds in criminal cases, but that the County and Justice Courts have such jurisdiction where such bonds are given in criminal cases pending therein regardless of the amount of the bond.

The bill of exceptions to the action of the court in granting the State's motion to enter the judgment munc pro tunc shows no reversible error. It was the duty of the court to make the order and enter the judgment nunc pro tunc. After the entry of the order and final judgment, the appellants then had the right to file a motion for new trial, or to seek, by that direct proceeding, to set aside such judgment for any error they claimed would authorize, permit or require the court to do so and they lost no right to take any such proceedings because the original judgment was rendered September 4, 1911, but they had all these rights from the date of the entry of the judgment nunc pro tunc as held by all the authorities. Palmo v. Slayden, 100 Texas 13, and authorities there cited; Johnson v. Smith, 14 Texas, 412; O'Connell v. State, 18 Texas, 343. It is unnecessary to cite other cases.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 20, 1912.—Reporter.]