### R. D. Shores v. The State.

#### No. 1587.   Decided October 30, 1912.

**1.—Passing Forged Instrument—Variance—Name of Party Injured.**

Where the indictment alleged that defendant forged the name of Mrs. J. N. Grigg and the proof showed that her name was Mrs. J. N. Griggs, there was no legal variance.

**2.—Same—Variance.**

Where the indictment charged that the instrument was passed on Ellis Carter and the proof showed that his name was Richard Ellis Carter, but that he was generally called Ellis Carter, this constituted no variance.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of passing a forged instrument the evidence supported the conviction, there was no reversible error.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The State proved that defendant passed the alleged forged check and was identified by the cashier of the bank; that the alleged signer of the check gave him no authority to execute the check in her name. The defendant attempted to show that the check was passed by some one else and that he was not the person that passed it on the cashier.

The opinion states the case.

*Cunningham & Oliver,* for appellant.—On question of variance: Hanks v. State, 54 S. W. Rep., 587; Black v. State, 79 S. W. Rep., 311; Huntly v. State, 34 S. W. Rep., 923; Lasister v. State, 45 Texas Crim. Rep., 532, 94 S. W. Rep., 233; Forcy v. State, 56 Texas Crim. Rep., 435, 117 S. W. Rep., 834; Fite v. State, 34 S. W. Rep., 922; Thulemeyer v. State, 38 Texas Crim. Rep., 349; Potter v. State, 9 Texas Crim. App., 55; Murphy v. State, 6 id., 554; Westbrook v. State, 23 id., 401.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of variance: Steinberger v. State, 35 Texas Crim. Rep., 492.

HARPER, JUDGE.—Appellant was prosecuted and convicted of passing a forged instrument, and his punishment assessed at two years confinement in the penitentiary.

The indictment alleged that appellant forged the name of Mrs. J. N. Grigg to a check. The proof showed that the name of the witness was Mrs. J. N. Griggs, and appellant moved to exclude the testimony on account of the variance in the proof and the allegation. This court has held adversely to appellant's contention. (Williams v. State, 5 Texas Crim. App., 226; Sawyers v. State, 48 S. W. Rep., 512, and cases cited in section 626 of Branch's Crim. Law.) While Mrs. Griggs testified her name was Eliza A. Griggs, but that she married J. N. Griggs and generally went by the name of Mrs. J. N. Griggs, this does not constitute a fatal variance.

The indictment charged that the instrument was passed on Ellis Carter. He testified his name was Richard Ellis Carter, but that he went by the name of Ellis Carter, and his friends all over the county called him Ellis Carter; that was the name by which he was most generally called and known in that community. This constituted no variance.

The only ground in the motion for a new trial alleges the insufficiency of the evidence. If the State's testimony is true it amply supports the verdict.

The judgment is affirmed.

*Affirmed.*