## Joe Green v. The State.

### No. 5074. Decided October 23, 1918.

**1.—Theft of Hog—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Requested Charges—Time of Presenting.**

Where the bills of exception did not show when the requested charges and defendant's objections to the court's charge were made, or the reasons why they should have been given, they can not be considered on appeal; besides, there was no error in refusing them.

**3.—Same—Misconduct of Jury—Motion for New Trial—Statement of Facts.**

Where the appellant in his motion for new trial alleged misconduct of the jury, but no statement of the evidence on said motion was properly approved, or filed during term time the same could not be considered on appeal. Following Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532.

Appeal from the District Court of Upshur. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of the theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Briggs & Florence,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of hog theft and assessed the lowest punishment.

The evidence, without question, showed that appellant stole the hog as alleged. The indictment did not charge appellant with receiving or concealing stolen property, nor did the evidence raise that question.

The court in an apt charge submitted every question that was raised by the testimony. Appellant has several bills complaining of the refusal of the court to give several special charges which he claimed to have requested. And one bill to one of the charges in his favor given by the court at the request of the State. Not a single one of these bills

show at what time his said several charges were requested and his objections to the court's charge were made. Neither does either of them give any reason why his charges should have been given. He simply shows that he requested a certain special charge, quoting it, and the court refused to give it. Hence neither of his bills are in such condition that they can be properly considered. But if his bills had shown they were requested at the proper time neither of them should have been given. They were inapplicable to any issue in the case.

In his motion for a new trial he alleged that the jury had separated, and that he was not present when his attorneys announced ready. This was denied and contested by the State. In passing on the motion for new trial on these grounds the court heard evidence and overruled the motion. There is with the statement of facts what purports to have been a statement of the evidence heard on that motion but it is not agreed to by the attorneys nor in any way approved by the court. It was not filed until nearly three months after the court adjourned and hence can not be considered and we must presume that the evidence heard by the judge disproved his allegation. Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532, and cases cited.

The judgment is affirmed.

*Affirmed.*