## Claud Archbell v. The State.

### No. 8157. Decided April 2, 1924.

### Rehearing denied April 30, 1924.

**1.—Selling Intoxicating Liquor—Requested Charge—Medicinal Purposes.**

Where neither of the requested charges nor the bill of exceptions complaining of their refusal made it appear that the charges were presented to the trial court before the main charge was read to the jury, they cannot be considered on appeal.

**2.—Same—Medicinal Purposes—Exception Not Included.**

Where the evidence showed that the party had been drunk and was sick because of the need of a stimulant, this is not such a state of facts as would justify the sale of liquor to him under the exceptions mentioned.

**3.—Same—Rehearing—Requested Charges—Inadvertence.**

Where it appeared upon motion for rehearing, through some inadvertence, that the recital in the exceptions and special charges had been overlooked they will now be considered, but it appeared from the record that defendant made a sale and not a gift to the purchaser, there was no error in refusing the requested instruction.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

*Lyttleton & Jasper,* for appellant.

*Tom Garrard,* Attorney for the State and, *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

Collins, the purchaser named in the indictment, testified that he went to the home of the appellant and bought a pint of whisky for which he paid him two dollars; that the appellant went out the back door of his house and to a bridge; that he took some whisky out from under the bridge and handed it to Collins who paid him therefor. Other witnesses who were nearby corroborated the testimony of Collins.

Appellant testified that he was sick; that he kept whisky on hand as medicine; that the doctor had prescribed it; that according to the representation of Collins, he had been on the drunk, was sick and

97 T. C.—22.

needed a drink of whisky. Appellant yielded to the importunities of Collins and agreed to let him have a pint of whisky and received from him $1.50, the understanding being that appellant would use the $1.50 to replace the whisky for his own use.

Appellant prepared a special charge suggesting that the court inform the jury that if the appellant let Collins have the whisky upon the belief from Collins' statement that he was sick, there should be an acquittal; also a special charge to the effect that the law did not look with favor upon the conduct of the officers in encouraging the commission of the crime and that if Collins was so engaged and misrepresented himself to be sick and needed whisky for medicine and that under these circumstances it was furnished him, there should be an acquittal. Neither in the charges nor in the bill complaining of their refusal is it made to appear that they were presented to the trial court before the main charge was read to the jury. This is required by the Penal Code. See Articles 735, 737a, 743; also Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110, Lopez v. State, 73 Texas Crim. Rep., 624; Bedford v. State, 75 Texas Crim. Rep., 309, 170 S. W. Rep., 727; Vernon's Texas Crim. Stat., Vol. 2, p. 525, note 63; page 526, note 64; Alsup v. State, 85 Texas Crim. Rep., 36; Lee v. State, 83 Texas Crim. Rep., 532; Payne v. State, 84 Texas Crim. Rep., 2; Green v. State, 84 Texas Crim. Rep., 162.

Appellant filed an exception to the court's charge upon the ground that it failed to embrace in his charge an instruction to the effect that if the appellant merely consented to let Collins have a pint of whisky because the appellant was told by Collins that he had been drinking, was sick and in need of a stimulant, an acquittal should result. It is true that in both the Constitution and in the statute there is an exception in favor of the "sale of intoxicating liquors for medicinal purposes", and in a case where that issue is pertinently raised by the evidence, it is incumbent upon the court to submit it to the jury. The evidence in the present case, however, to the effect that the witness Collins had been drunk and was sick because of the need of a stimulant is not deemed such a state of facts as would justify the sale under the exception mentioned. The purpose for which, according to the appellant, Collins wanted the whisky, would be more properly denominated for "beverage purpose" than for "medicinal purpose."

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### April 30, 1924.

HAWKINS, Judge.—Appellant requested two special charges which were refused. Upon original submission we declined to con-

sider the error assigned upon this action of the court because neither from the charges themselves nor from the bills of exception did it appear that they were presented to the court before the main charge was read to the jury. Upon motion for rehearing our attention is called to the fact that included in the exceptions to the court's charge also appears an exception to the refusal of the special charges mentioned, and a recital that they were presented before the main charge was read, which exception and recitation is approved by the trial judge. The special charges will now be considered.

Appellant requested that the jury be told that if he let prosecuting witness have the liquor because appellant believed from a statement made to appellant by said witness that he was sick, and that appellant did not sell the liquor then they would find him not guilty. We find in the evidence no basis for this instruction. While appellant asserts more than once in his testimony that he did not sell the liquor in question, yet his recitation of the facts shows beyond question that even from his standpoint prosecuting witness said he had been on a drunk two or three days; that he was sick and wanted a drink; that he gave appellant two dollars and appellant told him the whisky had only cost a dollar and a half and that he gave fifty cents of the money back, as he did not want to make any profit on it, but that he kept the dollar and a half to get other whisky to replace that which he let prosecuting witness have. Under all the authorities the evidence of appellant himself makes out a sale and not a gift and the learned trial judge properly refused the requested instruction.

The other special charge seems to proceed upon the theory that if the prosecuting witness misrepresented to appellant that he was sick and thereby induced appellant to let him have the whisky that he would be entitled to an acquittal, regardless of whether the transfer was a sale or gift. We have already condensed the evidence upon this point and think the court properly declined to give it as not supported by the evidence and as not containing a correct proposition of law.

The motion for rehearing will be overruled.

*Overruled.*