## J. T. WEDDINGTON V. THE STATE.

No. 9753.   Delivered January 27, 1926.

Rehearing granted January 12, 1927.

**1.—Aggravated Assault—Requested Charges—Practice in Trial Court.**

Where special charges are requested, and refused, such charges must show on their face that they were presented to the trial court, before his main charge was read to the jury, and refused by the trial judge, and in the absence of a showing to this effect, they will not be considered on appeal. Following Archbell v. State, 260 S. W. 867, and other cases cited.

ON REHEARING.

**2.—Same—Correcting Record—Requested Charges Considered.**

The record having been corrected and it appearing that appellant's three requested charges embracing an affirmative presentation of his defensive theory, which was not covered in the court's main charge, were refused by the court, the refusal of same requires a reversal of the judgment.

Appeal from the County Court at Law No. 1 of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $250.

The opinion states the case.

*McLean, Scott & Sayers,* and *W. W. Alcorn* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is an aggravated assault, and the punishment is a fine of $250.

The evidence while greatly conflicting is entirely sufficient to support the verdict of the jury in the event they believe the state's testimony. There are no bills of exception contained in the record. There is what is termed defendant's exception to the charge of the court, but this is not signed by the trial court and in no way shows that it was ever called to his attention. Defendant's special charges 1 and 2 are contained in the record, but do not show that they were presented to the court before his main charge was read to the jury. They are simply designated special charges one and two offered by the defendant and are marked refused and signed by the trial judge, and show that defendant excepted. It is necessary that the record show in some manner that a special charge was offered and refused by the trial judge before his main charge was read to the jury. In the absence of showing to this effect, they will not be considered on appeal. Archbell v. State, 260 S. W. 867; Crane v. State, 240 S. W. 920; Cecil v. State, 243 S. W. 988.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BETHEA, JUDGE.—The appellant was convicted of an aggravated assault and his punishment assessed at a fine of $250.

At a former term this case was affirmed. Appellant in due time filed his motion for rehearing and asked for a writ of certiorari to perfect the record. The case will now be considered on the record as perfected.

The evidence shows that prosecutrix and her husband and her mother went to the office of appellant and while there she was assaulted by appellant. The theory of the state was that this was done without any provocation on the part of the prosecutrix, and that appellant struck her, bruising her body and tearing her clothes considerably. The theory of the appellant was that the prosecutrix, together with her mother and her

husband, came to his office and entered into a heated discussion with him and his wife; that while in his office prosecutrix cursed and abused the wife of appellant, applying to her opprobrious epithets, calling her, among other things, a "God damned whore." That he attempted to remove her from his office, but was prevented from doing so by the husband of the prosecutrix; who was the son of appellant. That he never struck the prosecutrix or inflicted upon her any injury whatever. Appellant contended that he had a right to use such force as was necessary to remove her from his office or place of business.

The learned trial judge failed to present to the jury in his main charge appellant's defensive theories in the case; the charge was excepted to for this omission and the appellant requested an affirmative presentation of these theories as shown by his special charges 1 and 2, both of which were refused, as appears from bills of exception 1 and 2. The issues of fact should have been passed on by the jury under proper instructions from the court. These issues were embraced in both of appellant's special charges requested and refused. Savage v. State, 244 S. W. 1002.

For the error of the trial court in not giving appellant's special charges Nos. 1 and 2, both of which presented clearly and affirmatively appellant's defensive theories, the motion for rehearing is granted and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.