ELBERT HILL, ALIAS DOC HILL, V. THE STATE.

No. 11272.   Delivered December 21, 1927.

Rehearing denied February 8, 1928.

**1.—Robbery—Requested Charges—Not Properly Presented—No Error in Refusal.**

Where appellant complains of the refusal of his four special charges, none of which show upon the face of same, by any notation, or by separate bill of exception that they were presented to the court after the evidence was closed and before the main charge was given, in the absence of such showing, nothing is presented to this court for its consideration.

ON REHEARING.

**2.—Same—Continued.**

Before complaint of refusal of special charges will be reviewed, it must be made to appear that they were presented to the court before the main charge was read to the jury. The fact that such charges bear an endorsement over the judge's signature that they were "refused, to which defendant excepted," does not comply with the requirement. The evidence appears amply sufficient to support the verdict, and the motion for rehearing is overruled.

Appeal from the District Court of Victoria County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction for robbery, penalty fifteen years in the penitentiary.

The opinion states the case.

*Douglas, Carter & Block* of San Antonio, and *A. L. Love* of Austin, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery, punishment fifteen years in the penitentiary.

There are no bills of exception in the record.   There appear four special charges, none of which evidence either upon the face of the charge or by any notation of approval of that fact by the trial judge, that they were presented to the court after the evidence was closed and before the main charge was given. Special charges can not be considered by this court unless either by separate bill of exceptions or proper notation on the charge itself, the fact is made known to us that same was timely presented.   There is nothing before us except the sufficiency of the facts.   These we have carefully reviewed.   They seem to amply support the conclusion reached by the jury.   The prosecuting witness testified that he was at the house of a woman who was evidently a prostitute; that while there some one came to the door on two occasions and knocked, and that the woman went out and talked to the party.   Later the woman induced prosecuting witness to go with her, apparently to see a doctor, about the toothache from which witness was suffering.   On the way he was held up by two men, one of whom had a pistol and robbed him of quite a sum of money which witness had. He identifies appellant by his voice and appearance.   The woman in the case was used as a state witness, and also testified that appellant was the man who did the robbing.   Some question is raised in argument of the case as to the sufficiency of the proof that a pistol was used.   We have no doubt upon such issue.   A number of witnesses referred to the pistol had by the appellant, one man testifying that he gave the pistol to appellant, and others saw it and described it.

Believing the evidence sufficient, and no error appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In Archbell v. State, 97 Tex. Crim. Rep. 337, 260 S. W. 867, will be found collated many cases holding that before complaint of refusal of special charges will be reviewed it must be made to appear that they were presented to the court before the main charge was read to the jury.   The fact that such charges bear an indorsement over the judge's signature that they were "refused to which defendant excepted" does not comply with the requirements mentioned.   For aught the record shows a delayed presentation may have been the cause of their refusal.

We have again reviewed the evidence and it seems sufficient. The motion for rehearing is overruled.

*Overruled.*