BUD JONES v. THE STATE.

No. 12912.   Delivered January 15, 1930.
Rehearing denied March 19, 1930.
Second motion for rehearing refused May 21, 1930.
Reported in 27 S. W. (2d) 653.

The opinion states the case.

*Roach & Baldwin* of Paris, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The State witness testified positively to the purchase of a quart of whisky from appellant sometime before Christmas in 1926. It seems that said prosecuting witness was not brought before the grand jury until 1928, and there being nothing about the transaction in question to fix particularly the date of the sale, it is easily perceivable that he might have varied from the exact date, and yet remembered clearly the fact of the sale. We think the evidence sufficient to support the conviction.

There are three bills of exception. The first complains of questions propounded to a defense witness relative to his having been engaged in a burglary prior to the time he became a witness. The bill is qualified by the statement of the trial court that it appeared to him that the prosecuting attorney was trying in good faith to lay a predicate for the impeachment of the witness. We perceive no error made manifest by this bill.

Bill No. 2 complains of the overruling of the motion for new trial, to which motion is attached the affidavits of appellant's wife and certain members of the jury which tried the case. The affidavit of the wife sets up testimony which she says she would have given had she been present at the trial; the affidavit of the jurors sets up their belief that if the testimony of the wife above referred to, had been before them, their verdict might have been different. No effort was made on behalf of appellant to have the case postponed or continued on account of the absence of the said wife, nor is there any reason or excuse offered or apparent why such application was not made. It appears from the sworn motion for new trial made by appellant that he and his wife were separated at the time of the trial but that they lived together at the time of this alleged sale of whisky. The woman says in her affidavit that she would have sworn that appellant was living in Oklahoma at the time of the alleged sale of whisky. This court judicially knows that Lamar county, Texas, where the alleged sale of liquor took place, borders upon the State of Oklahoma, and no reason is perceived why appellant might not have been living in the State of Oklahoma before Christmas in 1926 and have easily crossed into the State of Texas and sold the liquor to the State witness as testified to by him. In other words, we perceive no such materiality in the statements made in the affidavit regarding the wife's testimony, as would have justified the court continuing the case to procure her testimony had an application for continuance been presented. This bill appears wholly without merit.

Bill of exception No. 3 sets up that appellant's defense was an alibi, and that his wife was not a witness for the reasons set out in his fourth paragraph of his motion for new trial, and avers that her testimony is material, and he therefore asks that a new trial be granted. This is substantially the same complaint as appears in bill of exception No. 2. We note from the record that appellant did not take the stand and testify, nor in anywise deny that he sold liquor to the State witness, except that he attempted to prove by certain witnesses that he moved from Texas into Oklahoma sometime before Christmas 1926. As we view the case appellant might either have sold the liquor before he moved, and the State witness be unable to fix accurately the date because of the lapse of time; or appellant might have moved to Oklahoma and crossed back over into Texas and sold the liquor to witness as testified to.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant for the first time claims that a variance is shown between the name of the alleged purchaser as set out in the indictment and. as shown by the statement of facts.

The purchaser is alleged to be. "Jim Holland." As it appears in the statement of facts it is "Jim Hollins." No point was made in the court below on the claimed variance, therefore no opportunity occurred in the trial court to investigate the matter. We would have no difficulty if the names appeared as "Holland" and "Hollin"; it is the addition of the final "s" which causes trouble. The general rule in such sases is stated in Corpus Juris, Vol. 45, Sec. 19, to be that "the addition or omission of a final "s" is usually held a fatal variance, although in some cases it has been held immaterial." The decisions in this state are both ways and irreconcilable, unless the manner and the time in which the question was raised can throw some light on it. (See Williams v. State, 5 Tex. Cr. App. 230; Shores v. State, 68 Tex. Cr. R. 44, 150 S. W. 904; Sawyers v. State, 48 S. W. 512; Parchman v. State, 2 Tex. Cr. App. 228; Neiderluck v. State, 21 Tex. Cr. App. 320, 17 S. W. 467; Brown v. State, 28 Tex. Cr. App. 65, 11 S. W. 1022; Harrison v. State, 48 Tex. Cr. R. 44, 85 S. W. 1058; Ciulla v. State, No. 12,948, opinion March 12, 1930; Vernon's C. C. P., of Texas, Art. 401, Notes 7

and 8; Branch's Ann. Tex. P. C., Secs. 23 and 24.) We quote from Corpus Juris, Vol. 45, Sec. 19, as follows:

"It has been said, however, that the doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance in a name, to. be material, must be such a one as has misled a party to his prejudice."

Some Texas cases are cited as tending to support the text. No question having been raised regarding the variance claimed in the present case until long after the trial, and it not being apparent how the variance did or could mislead appellant to his prejudice, we are not inclined to uphold appellant's contention.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant insists that since the subject of variance was first discussed in the motion for rehearing an opportunity should be afforded to combat the views of the court in a second motion for rehearing.

In an indictment charging the sale of intoxicating liquor, the name of the purchaser, if known, is an essential averment. See Hoover v. State, 259 S. W. 1088. And with the averment the proof must correspond; otherwise there will be a variance fatal to the prosecution. See Wharton's Cr. Ev. 10th Ed., Vol. 1, sec. 94. It is not every variation in the spelling of the same which will constitute a fatal variance. Names may have different letters or different arrangements thereof and yet be idem sonans. In Wharton's Cr. Ev. supra, sec. 96, it is said:

"Idem sonans means of the same sound. It exists when the attentive ear finds difficulty in distinguishing the names when pronounced; or, where common, long-continued usage has made them identical in pronunciation."

In Bishop's New Cr. Proc., 2nd Ed., Vol. 2, p. 540, subd. 2, it is said:

"When this question of idem sonans arises at the trial, it is of fact for the jury to decide under proper instructions from the court."

In the case of Weitzel v. State, 28 Tex. Cr. App. 523, and in the case of Bell v. State, 25 Tex. Rep. 574, it was held that the question as to whether the names in the indictment were idem sonans

was a question of fact to be determined by the jury. A like announcement was made in Wharton's Cr. Ev., 10th Ed., Vol. 1, sec. 96. In another paragraph of the same section the following is said:

"The decisions on the question of idem sonans exceed two thousand in number. Locality and habitation have such a marked bearing on the cases, that the mere fact that a name in one state was held to be idem sonans with another would hardly be persuasive in another state, and certainly not controlling. The principles in their application vary with each case."

A somewhat comprehensive discussion of the subject is found in several of the decisions of this state. Among them are the following: Reyes v. State, 81 Tex. Cr. R. 595; Rowan v. State, 57 Tex. Cr. R. 625; Gentry v. State, 62 Tex. Cr. R. 500; Feeny v. State, 62 Tex. Cr. R. 590. From one of these decisions we take the following quotation:

"In discussing the idem sonans of names this court, in Rowan v. State, 57 Tex. Cr. R. 625, said: 'Mr. Abbott, in his Trial Brief, section 680, lays down the following rule: "A variance is not now regarded as material unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense." And Mr. Rice, in his valuable work on Evidence, lays down the following rule: "There is a rule of growing importance by which courts, for many years, have evinced, by their decisions, a disposition to recede from the fading adherence to common law technicalities, and hold rather to substance than mere form. Modern decisions conform to the rule that a variance, to be material, must be such as to mislead the opposite party to his prejudice, and hence the doctrine of idem sonans has been much enlarged by modern decisions, to conform to the above salutary rule. The law does not treat very slight variance, if trivial, such as the omission of a letter in the name, as fatal. The variance should be a substantial and material one to be fatal." See sec. 123, vol. 3. It may be said to be wholly immaterial as to how the word is spelled. If practically they have the same sound they will be regarded as idem sonans, and if the words have the same sound then there is no fatal variance, although the two names may have been spelled slightly different. See Parchman v. State, 2 Tex. Cr. App. 228. And if the words can be sounded alike, without disturbing the power of the letters that is found in the variant orthography, the variance will be immaterial. * * * Identity of sound may be regarded as a surer method of designating the names of persons

than that of depending upon mere identity in the orthography.' * * * 'The doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance, to be material, must be such as would mislead a party to his prejudice.' State v. White, 34 S. C. 59, 12 S. E. Rep. 661; 27 Am. St. Rep. 783."

From Wharton's Cr. Ev. 10th Ed., vol. 1, sec. 95, page 288, the following quotation is taken:

"The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that, by reason thereof, he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge."

In Ruling Case Law, Vol. 14, p. 207, sec. 51, it is said:

"Slight variations in orthography have sometimes been held fatal and sometimes not, but it may be stated as the general rule deducible from the modern decisions that where the name as written in the indictment may be pronounced in the same way as the name given in evidence, although such may not be the strictly correct pronunciation, the variance will not be regarded as fatal, unless the variant orthography be such as would be likely to mislead the defendant in preparing his defense."

The precedents collated in Words & Phrases, 3rd Series, Vol. 4, p. 40; also 2nd Series, Vol. 2, p. 928; also 1st Series, Vol. 4, p. 3380, are in accord with the general statements quoted above.

In the light of the record and the precedents, we are constrained to adhere to the announcement made in the original opinion, namely, that there is not such difference in the spelling of the words as would preclude a decision by the trial court that the names were idem sonans, and that the rules of law quoted from the text-writers hereinabove and approved and applied by this court in the decisions to which reference has been made, are controlling of this court in the present appeal and that by them it would be precluded from overturning the verdict of conviction because of an alleged variance which could not have misled the accused to his prejudice.

For the reasons stated, the request for permission to file a second motion for rehearing is refused.

*Refused.*