## SIMON CASTRO v. THE STATE.

No. 15592.   Delivered February 15, 1933.
Rehearing Denied May 3, 1933.
Second Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 211.

14

The opinion states the case.

*L. D. Stroud,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for perjury, punishment being two years in the penitentiary.

In the indictment it was alleged in appropriate language that there was pending in the District Court of Bee County an indictment charging appellant with burglary; that, when the case was called for trial he filed his application for a suspended sentence in which he swore that he had "never before been convicted of a felony in this or any other state." Such statement was traversed by the averment that in truth appellant had theretofore been convicted of a felony in the *"District Court,"* of Kleberg County, Texas.

The state offered in evidence a judgment of conviction for the possesion of intoxicating liquor for the purpose of sale. The receipt of the judgment in evidence was opposed on the ground, (among others) that it was a conviction in the *"Criminal" District* Court of Kleberg County, whereas it was averred

in the indictment that the conviction was had in the "District" Court of Kleberg County, and that the proffered judgment constituted such a variance as rendered it inadmissible. The trial court overruled the objection. By the terms of subdivision 28, article 199, R. C. S. (1925), there was created for the counties of Kleberg and others named, a criminal district court which should exercise all criminal jurisdiction theretofore vested in the District Court of the 28th Judicial District, and provided that thereafter the District Court of the 28th Judicial District should cease to exercise criminal jurisdiction. There was then only one District Court in Kleberg County with criminal jurisdiction, to-wit, the "Criminal District Court." Appellant therefore, under the terms of the law, had notice that when the words "District Court of Kleberg County" were used in describing a judgment in a felony conviction it was bound to be a judgment in the Criminal District Court of said county. The modern tendency of the courts has been to hold that a variance to be material must be such as to mislead a party to his prejudice, and this doctrine has been applied recently by this court on the question of "idem sonans." See Jones v. State, 115 Texas Crim. Rep., 418, 27 S. W. (2d) 653, in which many authorities are cited, and from many of which quotations are set out and approved. It is clear that there could have been no surprise to appellant by reason of the claimed variance in the allegations of the indictment and the proof, and that he was in no manner misled in the premises.

When the judgment from the Criminal District Court of Kleberg County was offered in evidence, it was also objected to on the ground that it did not show a conviction for a felony. The objection was based upon a recital in the judgment that appellant was adjudged to be guilty of the "possession of intoxicating liquor." Appellant correctly says that under our present statute (article 666, P. C., 1925) it is not a felony to possess intoxicating liquor unless same is possessed for the purpose of sale. The record shows that the judgment was based upon an indictment which charged that appellant possessed the liquor *for the purpose of sale,* and the verdict found appellant guilty as "charged in the indictment." The judgment does not describe the offense completely, but such defect does not render the judgment void. The verdict assessed the penalty at five years' confinement in the penitentiary, and recommended the suspension of the sentence. The judgment directs appellant's imprisonment in the penitentiary for five years, but suspends the execution of the sentence and directs that appellant be released upon entering into recognizance. Hill v. State, 92 Texas

Crim. Rep., 312, 243 S. W., 982.

The state introduced a copy of the judgment of conviction in Kleberg county certified to by the clerk of the criminal district court on the 22nd day of May, 1931. That copy was discovered to be incorrect in some particulars. The clerk was recalled to the stand and explained that he made the first copy in response to a telephone call from the sheriff of Bee county, and, being pressed for time, the witness hurriedly took a stereotyped form and filled it out without a very close check of the judgment itself. He then produced a second certified copy of the judgment of conviction in Kleberg county which was certified to by the clerk on the 12th day of April, 1932, and which witness swore was a correct copy. The clerk testified that he discovered the inaccuracy in the first copy when the question came up during the trial. The court permitted the state to withdraw the first copy of the judgment, and admitted in evidence the second copy referred to by the clerk. This proceeding was objected to by appellant for many reasons, and exception reserved to the action of the court. Later, appellant himself offered in evidence the copy of the judgment which the court had permitted to be withdrawn, and excepted to the action of the court in refusing to permit him to reintroduce it. Under the circumstances stated we discover no error in the action of the court in the particulars mentioned.

What has been said disposes of bills of exception numbers one, two and three.

The state's evidence was to the effect that when the burglary case against appellant in Bee County was called for trial, the application for a suspended sentence was presented to the clerk of the district court by appellant. The application was not prepared by the clerk; it was delivered to him with everything written in except appellant's name under the style of the case, which the clerk filled in. The clerk testified that the statement in the application to the effect that appellant had not theretofore been convicted of a felony was in the application at the time appellant was sworn thereto; that at the time the oath was administered to appellant by the clerk the interpreter for the court was also present. It does not appear from the state's evidence that the application for suspended sentence was read over to appellant by the interpreter under the direction of the clerk, but that, after appellant signed the affidavit, the oath administered to him by the clerk through the interpreter was that "You do solemnly swear that the statements contained in this application for a suspended sentence in this case are true and correct, so help you God," to which appellant answered

"Yes." The testimony of the court interpreter was, in substance, that the first he remembered about the transaction was that he was instructed to call appellant to the clerk's desk, which he did, and that appellant signed the application for suspended sentence; that he interpreted the oath administered to appellant by the clerk.

Appellant did not testify. His attorney gave evidence as follows: "* * * just as we were going into the trial, Simon Castro asked me if he could get a suspended sentence. I told him I didn't know that he could make the proper application. * * * He says, 'Well, I believe I will make it if I can.' He talked in very poor English, and I did most of the talking. When I found out what he wanted, I got a blank,—just a blank form—and partially filled it out in pencil. * * * He then took it and went to the clerk, and he asked him to sign it, and I reckon he did. Before going to the clerk, I asked him if he had ever been convicted of a felony; and he said he didn't know what that was —said (What is that?) 'Well,' I said, 'have you ever been sent to the penitentiary before anywhere?' and he said 'No, but I paid a fine.' That was all I said to him. * * * Simon Castro did not tell me that he had received a suspended sentence in the District Court at Kingsville. Had he called it to my attention I would have investigated the matter and acted according to my knowledge of the law. * * * The defendant talked to me in English a little bit, and, when I understood what he wanted, I got an application blank and partially filled it out. I asked him if he had ever before been convicted of a felony, and he asked me what that was, and I said. 'That means that you've never been sent to the penitentiary,' and he said that he had never had anything done to him except to have to pay a fine of $50—and I said, 'Well, that wouldn't make any difference.' I don't know in what court he had to pay that fine,—I never paid any further attention to it. * * * I expect that Simon thought he could get two suspended sentences at the same time; but * * * I don't know what he thought because he didn't mention it to me. He did not tell me at that time that he had been convicted of a felony in Kleberg County on February 5th, and given a five year suspended sentence."

Under the issue raised by the testimony of appellant's counsel the court instructed the jury as follows: "You are further instructed that before you can convict the defendant Simon Castro in this case of the offense of perjury, you must believe from the evidence beyond a reasonable doubt that the said Simon Castro knew that his application for a suspended sentence contained the statement that HE HAD NEVER BEFORE

BEEN CONVICTED OF A FELONY IN THIS STATE OR ANY OTHER STATE. If you do not believe that he knew his said application for a suspended sentence contained such statement, or, if you have a reasonable doubt thereof, you will find the defendant not guilty."

The finding of the jury was against appellant on the matter. The jury found that appellant knew the application contained the statement upon which perjury was assigned.

Bills of exception numbers five and six bring forward complaint of the refusal of two special charges. The instruction given as above shown in the main charge was upon the same issue as the requested charges. Their refusal presents no error.

We have examined bills of exception seven and eight and are of opinion they present no error. We presume appellant's counsel reached the same conclusion as the points presented in said bills are not briefed.

Appellant has briefed a question sought to be raised in what is designated in the transcript (page 20) as "Special Charge No. 3." Some of the refused charges are brought forward by bills of exception which supply the formal requisites omitted from the charges themselves, but special charge number three is not brought forward in a bill. The said special charge recites that "defendant requests the court to charge the jury as follows," then follows the instruction desired. The only notation on it over the judge's signature is, "Refused, to which defendant excepts." Before the refusal of a special charge may be considered by this court, it must be shown either from the charge itself or the judge's notation thereon, or from the recitals in a bill complaining of its refusal that it was presented to the trial court before the main charge was read to the jury. Such is the requisites of the statute. Articles 658, 659 and 660, C. C. P. (1925). See Archbell v. State, 97 Texas Crim. Rep., 337, 260 S. W., 867, in which many cases are cited. Later cases are Weddington v. State, 105 Texas Crim. Rep., 648, 290 S. W., 178, and Hill v. State, 108 Texas Crim. Rep., 629, 2 S. W. (2d) 267. There is nothing in the special charge advising this court at what time it was requested.

Having considered all questions properly before this court and believing no reversible error appears, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We do not think the testimony of appellant's attorney enough to cause us to set aside this con-

viction and reverse this case for lack of sufficient testimony. He said, in effect, that before making the affidavit for suspended sentence, in a pending burglary case, he asked appellant if he had ever been convicted of a felony, to which appellant replied that he did not know what that was,—and said "What is that?" and witness said, "Well, have you ever been sent to the penitentiary before, anywhere?" to which appellant replied "No, but I have paid a fine." Following which conversation witness testified that appellant signed and swore to the affidavit in which was a statement that he had never before been convicted of a felony. This statement was shown to be false.

Appellant did not testify. While shown to be a Mexican, with but a limited knowledge of English, he had been in the courts only two months before his trial for burglary, in which former case he made application for suspended sentence, which he obtained; the contents of said application furnishing the basis of this prosecution for perjury. What was then said to him, or explained or told him, we do not know, but it appears he was given five years in the penitentiary for possessing intoxicating liquor for purposes of sale upon which sentence was suspended. Regardless of what the attorney may have said to appellant when he made the application on which this perjury is based, the question of whether he knew and understood its contents and made the false statement wilfully and deliberately, was a jury question. The jury were fully and plainly told in the charge of the court that they could not convict appellant if they had a reasonable doubt as to whether he made such false statement by inadvertence or mistake. The jury had before them the testimony regarding appellant's criminal record. They were aware of the fact that there was no testimony before them as to what appellant had had explained to him in his other trial, in which he asked for a suspended sentence, or his otherwise understanding of the meaning of the words "convicted of a felony."

It was thus before the jury trying appellant in this case that he had been twice prior thereto tried for felonies; in both which instances he had been convicted, one conviction being reversed on appeal. Appellant would be held to know the law.

Suppose the trial court had told the jury in his charge that if they found appellant did not know what was meant by the expression "convicted of a felony," and if they found from the testimony that had he so known he would not have made the affidavit, then they should acquit,—and the jury after having had such charge given them should have found appellant guilty, —it would be evident that this court would have no right to set

aside the verdict for lack of testimony. The state's case can not be prejudiced because of appellant's failure to have his theories of his defense fully submitted. We find ourselves unwilling to assent to the views expressed by appellant in his motion.

We still are of opinion that there was no variance between the indictment and the proffered testimony as to the fact that appellant had filed his application for suspended sentence in the Criminal District Court of Kleberg county, the indictment in this case having charged that he was then being tried in a district court. We think necessarily every criminal district court is a district court.

Being unable to agree with appellant, the motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the request that the court consider his second motion for rehearing, appellant assails the soundness of the conclusion reached in the motion for rehearing that there was no variance available to the appellant growing out of the fact that in the indictment charging him with an offense in Kleberg county it was stated that the indictment was returned to the District Court of that county; it appearing that he was tried in the Criminal District Court of said county. We are constrained to adhere to the conclusion stated in the original opinion and in the opinion on motion for rehearing. We will add, however, that in the Revised Civil Statutes, 1925, vol. 1, p. 89, sub. 28 (art. 199), there is provision for the continuation of the Criminal District Court for the counties of Nueces, Kleberg, Kenedy, Willacy and Cameron, "which shall have and exercise all of the criminal jurisdiction now vested in and exercised by the district court of the Twenty-eighth Judicial District of Texas." This act also provides that the District Court of the 28th Judicial District, composed of the counties of Nueces, Kleberg, and Kenedy, and the District Court of the 103rd Judicial District, composed on the counties of Willacy and Cameron, shall cease to exercise criminal jurisdiction in either of the counties mentioned.

For the reasons stated in the previous opinions, the record calls for an affirmance of the judgment. However, the legislative provisions mentioned above are not regarded as of weight against the result of the appeal heretofore declared for the reason that it is understood that under article 5, section 8, Constitution of Texas, there is conferred upon the district

court jurisdiction of criminal cases in the following words:

"The district court shall have original jurisdiction in all criminal cases of the grade of felony."

The conceded power of the Legislature to create other courts having jurisdiction in criminal cases of the grade of felony has not been construed to strip the district courts created under the Constitution of the inherent jurisdiction to try cases of the grade of felony. Throwing some light upon the subject is the case of Hull v. State, 50 Texas Crim. Rep., 607.

From the case of Ex parte Coombs, 38 Texas Crim. Rep., 648 (page 663), the following quotation is taken: "Wherever the Constitution vests judicial power, it must so remain, and the Legislature has no right to invade it or suspend it, unless express authority is given in that instrument. The Legislature has no authority to change the organization of the judicial system, nor can that body, under the guise of creating 'other courts,' devest the district court or the justices of the peace courts of their constitutional jurisdiction."

The application to file a Second Motion for Rehearing is denied.

*Denied.*