C. H. CHRISTY v. THE STATE.

No. 16606. Delivered April 25, 1934.
Rehearing Denied May 23, 1934.

The opinion states the case.

*Harvey P. Shead,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; penalty assessed at confinement in the penitentiary for two years.

On the 30th of March, 1933, an automobile of the value of $100.00, belonging to R. A. Sawyer, was stolen in the town of Marshall. On the date mentioned officers found appellant and A. E. Ogden in possession of the car at McNutt's Wrecking Yard near the city of Longview. The discovery was made at ten o'clock at night. Appellant was under the automobile working on it, while Ogden was standing nearby. The number plates belonging to the car had been removed. The officers testified that upon being questioned by them appellant stated that he and Ogden had stolen the car in the town of Marshall.

Testifying in his own behalf, appellant denied that he had participated in the theft of the car. His testimony was to the effect that he was not at the scene of the theft, but had come upon Ogden while he was working on the automobile. He denied that he was working on the car as asserted by the officers. He testified that he did not know Ogden and was merely standing near the car waiting to see the proprietor of the wrecking yard, who was at the time helping Ogden with the automobile. Appellant introduced several witnesses whose testimony supported the theory of alibi.

The only question presented for review relates to the failure of the trial court to embrace in the charge an instruction

covering the law of circumstantial evidence. We find in the record a requested instruction on the subject. It is not shown at what time this instruction was presented to the trial judge. Under the statute, it must be made to appear, either in the special charge or in a bill of exception complaining of its refusal, that the special charge was presented to the trial court before the main charge was read to the jury. See article 659, C. C. P., 1925; Archbell v. State, 260 S. W., 867. In any event, proof of the declaration of appellant to the effect that he had stolen the automobile belonging to the injured party made the case one of direct evidence. See Branch's Ann. Texas P. C., sec. 2480; Landreth v. State, 44 Texas Crim. Rep., 239; Mathews v. State, 39 Texas Crim. Rep., 554.

The judgment is affirmed.

*Affirmed.*