CECIL SPENCER v. THE STATE.

No. 13476. Delivered October 15, 1930.
Rehearing Granted June 24, 1931.
State's Rehearing Denied October 14, 1931.

The opinion states the case.

*Ross Huffmaster,* of Kaufman, and *Baskett & DeLee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile while intoxicated; the punishment, a fine of $300 and confinement in jail for ninety days.

Mrs. Boone came through the town of Terrell on a trip from Tyler to Dallas with her cousin, Bert Hill, his wife and little girl. In the middle of the business district of Terrell, according to her testimony, she attempted to pass a car which was just ahead of her. The driver of the car at first pulled out and prevented her passing him, but she finally succeeded in driving past him. Appellant, who was driving the car she had passed, attempted to run into her. She pulled up to the sidewalk and slowed down, permitting appellant to pass her. After passing her, appellant turned around and came back and again attempted to run into Mrs. Boone's car. Becoming frightened, she stopped at a filling station. When she stopped appellant ran into her car. He cursed Mrs. Boone and her companions. Officers were notified and came to her assistance. Appellant was arrested after offering resistance. It was the opinion of all the state's witnesses, including the companion who was in the car with appellant, that appellant was drunk. Appellant admitted running into Mrs. Boone, but declared that he was not drunk, although he had been drinking beer.

Bill of exception No. 1 deals with the statement by a witness for the state that from the manner in which appellant was driving, and the language he used, and the way he was staggering around he would say that appellant was drunk. Appellant objected to the answer on the ground that it was a conclusion and the opinion of the witness. The testimony was properly received. It is the rule that "an opinion, so far as it consists of a statement of an effect produced on the mind, becomes primary evidence, and hence admissible, whenever the condition of things is such that it cannot be reproduced and made palpable in the concrete." Branch's Annotated Penal Code, sec. 131. A witness may give an opinion as to whether another was "drunk" or "sober." Branch's Annotated Penal Code, sec. 132.

Bill of exception No. 2 brings forward an objection to the testimony of a state's witness to the effect that it took four or five men to arrest appellant. It was uncontroverted that appellant resisted arrest. He admitted such fact himself. In any event, where a party is arrested, or sought to be arrested, for an offense, and resists the arrest, it is a legitimate fact to be proved. Silver v. State, 8 S. W. (2d) 144, and authorities cited.

It appears from bill of exception No. 3 that immediately after running into Mrs. Boone's car and after he had been handcuffed by the officers, appellant shook his handcuffs in Mrs. Boone's face and cursed her. Appellant objected to the testimony of Mrs. Boone touching the matter

on the ground that it was irrelevant and immaterial. The opinion is expressed that appellant's acts and words at the time were res gestae and exhibited conduct tending to prove his guilt.

It is recited in bill of exception No. 8 that before the court read the charge to the jury appellant excepted to paragraph 2, which paragraph advised the jury to convict appellant if they believed from the evidence beyond a reasonable doubt that he was intoxicated or in any degree under the influence of intoxicating liquor. The ground of objection is not specified. It is not shown that the objection was in writing. Article 658, C. C. P., in part, provides as follows:

"Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON·APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the indictment it is alleged that appellant, while intoxicated, drove an automobile "on a certain public highway, to-wit: the Dixie-Overland Highway." For the first time, appellant calls attention to the fact that the state failed to prove a driving on the highway as described. We have carefully examined the statement of facts. The highway is referred to therein as the "Dixie Highway," but no evidence is found to the effect that it was the "Dixie-Overland Highway." Unless we can assume that the "Dixie Highway" and the "Dixie-Overland Highway" are one and the same road, (and we know of no authority which authorizes this court to indulge in such presumption against one accused of crime), appellant's contention must be sustained. It was incumbent upon the state to prove the car was driven upon the Dixie-Overland Highway. Akin v. State, 23 S. W. (2d) 379; Smith v. State, 298 S. W., 286; Cantu v. State, 276 S. W., 432; Chaves. v. State, 275 S. W., 1006; Lloyd v. State, 279 S. W., 843. The opinion is expressed that proof that the car was driven upon the "Dixie Highway" is not tantamount to proof that it was driven upon the "Dixie-Overland Highway."

Appellant's motion for rehearing is granted, the judgment of affirm-

ance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In support of the contention of state's counsel in his motion for rehearing, namely, that the variance pointed out in the appellant's motion for rehearing is not available because raised after verdict and was not material, the following precedents are cited: Pool v. State, 278 S. W., 212; Inness v. State, 293 S. W., 821; Ward v. State, 277 S. W., 672; Moreno v. State, 143 S. W., 156; article 763, C. C. P., 1925.

Our examination of the authorities in the light of the record leaves us of the opinion that the motion should be overruled, which is accordingly done.

*Overruled.*