J. W. Mercer v. The State.

No. 21768. Delivered December 17, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Baker & Baker* and *R. E. Murphey,* all of Coleman, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of driving and operating an automobile on a public highway in Coleman County while under the influence of intoxicating liquor and assessed a fine of $50.00 and five days in jail.

Bill of Exception No. One complains of the admission in evidence of the testimony of Noel C. Wilson to the effect that he saw appellant on the date alleged in the indictment "on highway 67 between Coleman and Santa Anna." The basis of the objection is that there is no allegation in the indictment supporting such proof. It is the contention that inasmuch as the indictment did not allege the name or number of the highway, but only says "upon a public highway" that proof of the highway was inadmissible. We cannot agree that this bill assigns error. (Wood v. State, 45 S. W. (2d) 599; Blackman v. State, 20 S. W. (2d) 784.) If the highway had been named, the proof should comply with the allegations. (Spencer v. State, 42 S. W. (2d) 259.)

Bill of Exception No. Two complains of the same witness being permitted to testify that appellant was drunk. This objection is based on the allegations in the indictment and it is contended that the allegations which said he was "under the influence of intoxicating liquor" is not sufficient to authorize the admission of the evidence that he was drunk. To this we cannot agree.

It is further complained that this was not the best way to establish the condition of the defendant and was not the best evidence; that it is a conclusion of the witness. It is well settled that this is a matter upon which one who knows the facts and places himself in position to testify may reach the conclusion. We know of nothing more positive to show that he was "under the influence of intoxicating liquor" than to show that he was drunk. If better evidence was needed, an examination of the statement of facts in the case reveals that it was amply supplied by the witness who testified that he first saw him driving in a peculiar manner; that he was weaving quite a bit back and forth to the shoulder of the road and to the center of it; that his talk was thick and was not very intelligent; that he had a strong odor of liquor on his breath; that when he got out of the car and walked he staggered; that before he got out of his car his head was "slumped" over the wheel of the car; that he found an empty whiskey bottle in the car and a pint bottle in the seat beside him which was about one fourth full, all of this was accompanied by the contention of appellant at the time of his arrest that he could drive his car as well as the officers could. The complaint lodged against the quoted testimony that it was not the best evidence was amply answered by the State from the self-same witness.

Bills of Exception Nos. Three and Four relate to the testimony of Homer Bailey and paralled Bills Nos. One and Two, respectively. They are given the same consideration and the same conclusion is reached that they do not present error.

Bill of Exception No. Five complains of the ruling of the court in excluding the testimony of the defense witness Barnett on the State's objection. The question asked the witness was "was he (defendant) in your filling station about 6:30?" The witness would have answered "yes." Qualification of the bill says that the witness did testify without objection that he saw the defendant on February 10 around 6:30 in the afternoon, which was the same date. It occurs to us that the testimony sought was fairly and fully presented to the jury.

The same question, the same ruling of the court and the same qualification is found in Bill No. Six and we reach the same conclusion relative to it.

Finding no error presented by the appeal, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant reiterates in his motion the matters presented to this court originally in bills Nos. 1 to 6 inclusive, and which we think have been properly disposed of in our original opinion.

However, he urges an objection to a statement purportedly made by the district attorney in his closing argument, which objection we do not find to be incorporated in a bill of exceptions. We do find, however, in the record a special instruction given to the jury to disregard such statement of the district attorney: "That reputation and character are different things." How such a statement could have possibly injured appellant we confess our inability to conceive; and surely with the instruction of the careful trial court promptly given in writing we think no probability of error is evidenced. It is a truism that reputation is what people think about you, and character is what you are, and we are impressed that the mere making of such statement could not evidence any error.

The motion is overruled.