## W. P. THURMON, JR. V. THE STATE.

No. 21825. Delivered January 14, 1942.
State's Motion for Rehearing Granted April 1, 1942.
Appellant's Motion for Rehearing Denied December 2, 1942.
Application to file Second Motion for Rehearing Denied
(Without Written Opinion) January 20, 1943.

The opinion states the case.

*C. C. McDonald,* of Wichita Falls, for appellant.

*Martelle McDonald,* District Attorney, of Big Spring, *Merritt Hines,* County Attorney, of Midland, *Irby L. Dyer* and *Hubbard & Kerr,* all of Pecos, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

It is charged in the indictment that on or about the 21st day of December, 1940, "and anterior to the presentment of this Indictment, in the County and State aforesaid, W. P. Thurmon, Jr., did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle, to-wit, an automobile, upon a highway, to-wit, state highway No. 1, and did then and there in the execution of said unlawful and felonious act, through mistake and accident, kill Elmo Hays by then and there driving said automobile into and causing it to collide with an automobile in which the said Elmo Hays was riding" etc.

The testimony adduced by the State, briefly stated, shows that the appellant, while drunk, drove an automobile along and upon U. S. Highway No. 80; that sometime prior to the accident the State Highway Department had designated this highway as Highway No. 80. However, some years prior thereto it was known as State Highway No. 1, but at the time of the alleged offense there was not any State Highway No. 1 in Midland County; it did not exist. The evidence further shows that in the course of the operation of his automobile in his drunken condition, appellant ran head-on into an automobile being driven by Mr. Hays, who was accompanied by his wife and son; that as a result of said collision Mr. Hays and his son sustained injuries from the effects of which they both died.

Appellant's theory, which finds support in the testimony offered by him, was that he was not drunk at the time of the

collision; that he was traveling in a westward direction and the Hays' automobile and one which just preceded it a very short distance were coming east; that the lights of the car which was just ahead of the Hays' car were very bright and blinded him to the extent that he could not determine whether it was on the right or left-hand side of the highway; that in order to avoid a collision he pulled his car too far to the right and as a result ran into the shoulder of the highway, and fearing that he would go into the ditch at the side of the road he pulled his car to the left; that being on loose gravel, it required more force than on an ordinary concrete highway to get his car back on the concrete, and when he managed to get it back, it swerved too far to the left and before he could get back on his side of the road the collision occurred.

By Bill of Exception No. 3 appellant complains of the court's action in declining to give his requested instruction to the jury to return a verdict of not guilty apparently based on the ground of variance in this, that the State had charged in the indictment that appellant drove upon State Highway No. 1 at the time of the collision when in fact the proof showed it to be State Highway No. 80. Consequently there was a variance between the allegation and the proof. In our opinion, there is merit in the appellant's contention. Even if it be conceded that some years prior to the date of the alleged offense this highway had been designated by the State Highway Commission as State Highway No. 1, it was conclusively shown that this highway had been re-designated and re-numbered sometime before the collision occurred and the designated number of said highway by the State Highway Commission was No. 80. Consequently, at the time of the collision this highway was not known as Highway No. 1, but as Highway No. 80. It was not necessary for the State to have specifically charged that the offense was committed on Highway No. 80. It would have been sufficient to have charged that appellant drove a motor vehicle while drunk upon a public highway in Midland County; but, having particularly described the highway by a designated number, the allegation being descriptive of the offense, it had to be proved as charged. In support of what we have said, we refer to the following cases: Spencer v. State, 118 Tex. Cr. R. 336; Malone v. State, 135 Tex. Cr. R. 169; Newsom v. State, 151 S. W. (2d) 225; 41 Tex. Jur. p. 152, sec. 97.

Appellant complains of the court's failure to instruct the jury on the law of circumstantial evidence and in declining

to give his special requested charge on the subject. It is our opinion that under the evidence a charge on the law of circumstantial evidence was not required. Such an instruction is called for when the case rests entirely upon circumstantances from which an inference of guilt arises. The witness Williams testified, among other things, as follows:

"I had occasion to be on the highway leading from Midland to Odessa on or about the 21st day of December * * * about 10:30 o'clock at night. I did not see any part of the collision or the cars colliding out there, and the first thing that attracted my attention was when I drove up there and saw that two cars had run together. I stopped and got out of my car and saw that some one was hurt and then I got back in my car and went to a telephone. The two cars that were in the collision were on the right-hand side of the highway when I got there. * * * I believe one of the cars was a Buick and the other a Ford. There was one man in the Buick, and in the other car there was a man and a lady lying half in the car and on the ground. * * * There was no telephone where I went and so I came back to the scene of the accident, picked up two men and a lady there and took them to the Woods Hospital in Odessa, Texas."

Appellant, who testified in his own behalf, admitted that he was on the highway leading from Midland to Odessa about the time of the collision; that he was driving a 1940 model Buick Sedan; that a car with bright lights, which was ahead of the Hays' car, blinded him and he did not see the Hays' car until he had passed the car with the bright lights; that he did not remember which side of the car he went through when the accident happened, but he apparently went out through the right-hand side from the way the wind-shield was broken. There was direct evidence that Mr. and Mrs. Hays and their son were in the Ford car with which appellant collided. There was also direct testimony that appellant was drunk on the night in question. In our opinion, the facts above stated takes this case out of the realm of circumstantial evidence.

Because of the variance between the allegation and proof pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing insisting that we were in error originally in predicting a reversal upon the claimed variance between the proof and the averment that the road upon which the collision occurred was "State Highway No. 1." It is true, as stated in our original opinion, that sometime before the collision the State Highway Commission had re-designated the highway as U. S. Highway No. 80. It seems clear that before said re-designation it was known as and called State Highway No. 1.

The witness White testified that the highway in question was U. S. 80 and marked as such and designated as such by the Highway Department, but he also said: "This highway is also known as Highway No. 1."

The witness Ragsdale testified: "That highway is known as State Highway 1, U. S. 80, and was so known on the evening of December 21, 1940. * * * (On cross examination). In saying while ago that the highway in question was State Highway No. 1, will say that I haven't been informed definitely that it is not. As to being informed there ever was one: I have seen the signs on the highway. I guess I could take you to such a sign on the highway. I don't know whether there is a sign on the highway, but it is State Highway One, and is referred to as highway one. * * * There are plenty of state highway marker in the State, but I don't know of one. in this county. * * * I don't work for the Highway Department, but I do know what highway it is from here to Odessa. It is Highway One, U. S. 80. This highway has always been referred to as Highway No. 1. Even before I became an officer, it was referred to as Highway One; everybody calls it that. I don't know who it was that referred to it as Highway One, but I do know it is State Highway One. I know who designates our state highways, but have never seen the designation, and as to knowing whether or not this highway was ever designated as such, I do know that it is State Highway One and U. S. Highway 80."

The quoted testimony shows that the State proved that the tragedy occurred on a highway known as State Highway No. 1, which was also designated as U. S. Highway 80. It was the same highway, and known by either name.

We find in our C. C. P. Art. 401, which reads as follows: "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and, if it be the accused, a reasonably accurate description of him shall be given in the indictment."

.We are not unmindful of the fact that our court has held that the statute refers to individuals. White v. State, 24 Tex. Cr. R. 231, 5 S. W. 857; Thurmond v. State, 30 Tex. Cr. R. 539, 17 S. W. 1098. However, the fact that our Legislature many years ago provided that the averment of one name would be sufficient when a person might be known by that name as well as by another is somewhat analagous to the question now before us, and indicates that even at an early date the Legislature in the instance mentioned was somewhat ahead of the modern rule that a variance is not now regarded as material unless it appears that some substantial injury results from it. This rule has been recognized by this court. See Jones v. State, 115 Tex. Cr. R. 418, 27 S. W. (2d) 653 and authorities there cited.

We have examined many cases where the place of an offense was described with unnecessary particularity, as in the present instance. Among them are Blocker v. State, 73 S. W. (2d) 955; Meuly v. State, 3 Tex. Cr. App. 382; Evans v. State, 40 S. W. 988; McAllister v. State, 55 Tex. Cr. R. 264. It will be found that generally where the question of variance arises where there has been a too unnecessary particular description the record discloses an entire failure in the evidence to meet the description, or that the evidence is contradictory of the description. Our attention has not been called to any case where the exact question arose as is here presented, that is, where one name of a thing is alleged, and the proof shows it was known by that name, as well as by another. The language in the opinion on rehearing in Spencer v. State, 118 Tex. Cr. R. 336, 42 S. W. (2d) 259, is rather significant. There the road was described as the Dixie Overland Highway. The proof showed only Dixie Highway. The opinion says: "Unless we can assume that the 'Dixie Highway' and the 'Dixie Overland Highway' are one and the same road (and we know of no authority which au-

thorizes this court to indulge in such presumption against one accused of crime,) appellant's contention must be sustained."

There seems to be an intimation from the quoted language that if the roads had been shown to be the same the holding might have been different. Here the evidence shows that State Highway No. 1 and U. S. Highway No. 80 in Midland County was not only the same highway, but was also known by either name. Of course, if the highways were really different it is at once apparent that a variance in the names would be fatal. Also, if the averment of the name as set out in the indictment could be shown to have misled appellant in preparing his defense, or have resulted in his injury in any way a different question would arise.

We have concluded that we were in error in predicating a reversal on the claimed variance.

The State's motion for rehearing is granted, our judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

GRAVES, Judge.

We have carefully considered appellant's contentions relative to the claimed variance between the allegation and the proof concerning the highway alleged in the indictment and that proven.

We feel that a further writing would add nothing to what has already been said by Presiding Judge Hawkins in his opinion affirming this cause, and adhering to those views, the motion for a rehearing will be overruled.