**Deborah Kaulity GALLEGOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 025–82.**

Court of Criminal Appeals of Texas, En Banc.

July 7, 1982.

Douglas R. Woodburn, Amarillo, for appellant.

John H. Tull, Jr., County Atty., John L. Owen, Asst. County Atty., Amarillo, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

After finding the appellant guilty of theft of property of over the value of $5.00 and less than $20.00, the jury assessed punishment at $100.00. The conviction was reversed by the Court of Appeals. *Gallegos v. State*, 625 S.W.2d 812 (Tex.App.—Amarillo—1982). We granted the State's petition for discretionary review in order to review the Court of Appeals' holding that the State failed to prove certain material allegations of the information.

■ The information alleged in pertinent part that appellant appropriated "one electrical curling iron ... from the owner, Furr Food Store # 51, Amarillo, Potter County, Tx., Art Haar, Mgr., without the effective consent of the owner ..." The Court of

Appeals in its opinion points to testimony of Haar that he was store manager for "Furr's Supermarket No. 51" and found that there was no testimony that it was one and the same entity as Furr's Food Store No. 51 as alleged in the information. We note that further testimony of Haar on direct reflects that he answered "yes, sir" to a question inquiring if he were "the manager of Furr's No. 51" on the date in question. We further note that Michael Williams, an Amarillo police officer, testified that he was a part-time employee at the store where the offense occurred and in the course of his testimony the store was referred to as "Furr's Foods," "Furr Food Stores," "Furr's No. 51" and "Store No. 51."

In *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.), it was stated:

"The object of the doctrine of variance between allegations of an indictment [and the proof] is to avoid surprise, *Worsham v. State*, 56 Tex.Cr.R. 253, 120 S.W. 439 (1909), and for such variance to be material it must be such as to mislead the party to his prejudice. *Castro v. State*, 124 Tex.Cr.R. 13, 60 S.W.2d 211 (1933), *Thurmon v. State*, 145 Tex.Cr.R. 279, 167 S.W.2d 528 (1942)."

In *Carrillo v. State*, 591 S.W.2d 876 (Tex. Cr.App.), the owner of the stolen postage was alleged in the indictment to have been Ken Bercaw. At trial M. K. Bercaw, Jr. was shown by the testimony to be the owner. No complaint was made about any variance in the trial court and it was not urged or shown on appeal how appellant was misled to his prejudice. We held the variance in *Carrillo* was not material.

In the instant case no complaint was made about any variance in the pleading and the proof in the trial court and it is not urged or shown on appeal how appellant was misled to her prejudice. We hold that the variance between the pleading and the proof in the instant case is not material.

▆ The Court of Appeals further noted that there was no testimony to support a finding that the alleged owner was the owner of the property in question nor to show what type of entity Furr's Food Store # 51 might be. In addition the opinion noted there was no showing as to Haar's authority to speak for the store. Haar testified that he was the manager of the store, was responsible for everything in the store and had care, control and custody of all merchandise in the store. He further related that the curling iron in question was an item "Furr's" had offered for sale on or about the date in question and that he had not given appellant permission to take it out of the store without paying for it.

While the pleading leaves something to be desired, we find that the evidence supports that portion of the pleading in question which recites the owner as being "Furr Food Store # 51, Amarillo, Potter County, Tex., Art Haar, Mgr. . . . ." Additionally, we conclude that the evidence supports a finding that Haar had the capacity to speak for the store in the matter of whether consent had been given to the taking of the article in question.

We reverse the judgment of the Court of Appeals and remand the cause to that Court for consideration of other grounds of error advanced on appeal.