**Eddie Ray HUFFMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1117–85.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1987.

**156**

Robett J. Glasgow, Stephenville, for appellant.

Jimmy A. Ashby, Dist. Atty., Palo Pinto, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted by a jury for the offense of unlawfully carrying a handgun onto a premises licensed by the State for the sale of alcoholic beverages. V.T.C.A. Penal Code, § 46.02(c). The jury sentenced appellant to serve two years in the Texas Department of Corrections.

Raising grounds of error on variance and sufficiency of the evidence, appellant appealed his conviction to the Eastland Court of Appeals. In an unpublished opinion, that court found the evidence sufficient to show that appellant intentionally carried a handgun onto a licensed premises. *Huffman v. State*, (Tex.App.—Eastland, No. 11–84–248–CR, delivered August 29, 1985). The court of appeals also found the name of the licensed premises alleged in the indictment to be at variance with the name of the premises proven at trial. Specifically, the court found the indictment to allege the premises to be licensed in the name of the "Black Hat *Bar*," while the evidence indicates the premises is licensed as "The Black Hat *Saloon*." The court of appeals held this to be a fatal variance and reversed the decision of the trial court.

In its petition for discretionary review the State now argues that the court of appeals erred in finding a fatal variance to exist. We agree.

The indictment alleged that appellant intentionally and knowingly carried "on and about his person a handgun, to-wit, a pistol, while he was on premises licensed by the State of Texas for the sale of alcoholic beverages, to-wit, the Black Hat Bar, Mingus, Palo Pinto County, Texas." It is undisputed that in the early morning hours of January 28, 1984, during an altercation in a club called the Black Hat Saloon, appellant pulled a .22 caliber pistol and shot Norman Martin in the shoulder. Billy Clark, the proprietor of the club, testified that the assumed name certificate on file in the County Clerk's office was in the name of "The Black Hat Saloon," see V.T.C.A., Bus. & Com.Code § 36.10, that various permits and licenses for sale of alcohol and tobacco on the premises were issued in the name of "The Black Hat Saloon," and that the signs in front of the premises advertised it as "The Black Hat Saloon." Finally, upon examination by the State, Clark testified:

"Q  Billy, I notice you mentioned on all of these licenses and permits, what have you, that you've got the name Black Hat Saloon on those permits and licenses and everything have you not? You try to put—do you not try to put the same name on all of the permits and licenses and everything?

A  Yes, sir.

Q  Is the—I'll ask you whether or not your establishment is known by any other names than the Black Hat Saloon?

A  It's known by The Black Hat Bar, Billy's Black Hat Saloon, probably a few more I shouldn't mention.

Q  All right. Do you know whether or not it is commonly called The Black Hat Bar?

*      *      *      *      *      *

A  It is known as The Black Hat Bar sometimes. It has been called The Black Hat Bar. People up the hill sometimes call it The Black Hat Bar."

An agent of the Texas Alcoholic Beverage Commission testified that to his knowledge what he knew as The Black Hat Saloon had never "been licensed by the State of Texas

in the proper name, The Black Hat Bar[,]" and that there was no permit in Palo Pinto County issued in the name of "the Black Hat Bar."

This Court restated the well settled rule regarding variance in *Franklin v. State*, 659 S.W.2d 831 (Tex.Cr.App.1983), at 833:

"If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain a conviction. *Seiffert v. State*, 501 S.W.2d 124 (Tex.Cr.App.1973). Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. *Windham v. State*, 638 S.W.2d 486 (Tex. Cr.App.1982). But where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App.1977)."

See also *Upchurch v. State*, 703 S.W.2d 638 (Tex.Cr.App.1985).

It has been held that in a prosecution under § 46.02(c), supra, the State does not have to allege the name of the licensed premises. See *King v. State*, 643 S.W.2d 176, (Tex.App.—Eastland 1982). Clearly when it does, however, it undertakes the burden of proving that allegation. *Spencer v. State*, 118 Tex.Cr.R. 336, 42 S.W.2d 259 (1930); *Smallwood v. State*, 607 S.W.2d 911 (Tex.Cr.App.1980); *Weaver v. State*, supra; and *Franklin v. State*, supra.

In reversing the conviction the court of appeals reasoned as follows:

"The 'Black Hat Bar' and the 'Black Hat Saloon' are not synonyms, for the State of Texas could issue licenses in the same town and county to two different establishments with similar names. Consequently, proof of an offense in one licensed premises would not constitute

proof of an offense in the other. Since the State failed to prove that the 'Black Hat Bar' was licensed by the State for the sale of alcoholic beverages, and the name of the licensed premises is 'descriptive of that which was legally essential to charge the offense,' the proof is insufficient to support the allegations in the indictment."

We reject this analysis, however, for it ignores the testimony of Clark, set out *ante*, that "The Black Hat Bar" and "The Black Hat Saloon" were actually different names for the same establishment.

The indictment alleged appellant unlawfully carried a weapon "while he was on premises licensed by the State of Texas for the sale of alcoholic beverages, to-wit, the Black Hat Bar...." All this allegation may reasonably be read to require is proof that an establishment known as, *inter alia*, the Black Hat Bar, is a licensed premises. It does *not* necessitate proof that the license itself was issued to an establishment bearing that precise appellation. Clark testified that "The Black Hat Saloon" was also known to some as "The Black Hat Bar." Particularly in view of the fact that no *other* establishment in Palo Pinto County was licensed to sell alcohol in the name of "The Black Hat Bar," we deem the evidence sufficient to show that the Black Hat Bar was one and the same place as the Black Hat Saloon, and hence, was licensed to sell alcohol, albeit under the latter name.[*]

In *Thurmon v. State*, 145 Tex.Cr.R. 279, 167 S.W.2d 528 (1942) (Opinion on State's motion for rehearing) this Court considered a situation very similar to the one we consider today. There the indictment alleged that the defendant committed murder by accidentally killing a man while driving under the influence of intoxicating liquor

---

[*] Appellant claims he objected to Clark's testimony as inadmissible hearsay and as responsive to leading questions, and that setting it aside, there was no evidence that "The Black Hat Bar" was the same as "The Black Hat Saloon," and was thus shown to be a licensed premises. His objection, however, was overruled. Assuming, without deciding, that his objections were timely and valid, appellant cannot now predicate a sufficiency argument upon evidence he claims should not have been, but nevertheless was, admitted. *Collins v. State*, 602 S.W.2d 537 (Tex. Cr.App.1980).

upon State Highway No. 1. Just prior to the incident, the State Highway Commission had redesignated State Highway No. 1 as U.S. Highway 80. Witness White testified that the highway in question was designated U.S. Highway 80 by the Highway Department, but he also testified, "This highway is also known as Highway No. 1." *Thurmon v. State,* 167 S.W.2d at 531. The Court in *Thurmon* concluded:

> "Here the evidence shows that State Highway No. 1 and U.S. Highway No. 80 in Midland County was not only the same highway, but was also known by either name. Of course, if the highways were really different it is at once apparent that a variance in the names would be fatal. Also, if the averment of the name as set out in the indictment could be shown to have misled appellant in preparing his defense, or have resulted in injury in any way a different question would arise."

*Thurmon v. State,* 167 S.W.2d at 531–532. Because State Highway No. 1 and U.S. Highway No. 80 were shown to be one and the same, and known by either name, the Court concluded it could not predicate a reversal on the claimed variance.

It has not been shown, nor can we envision in what way the purported variance in the instant cause did or could have misled or otherwise prejudiced appellant in the preparation of his defense in this relatively straightforward prosecution. All witnesses agreed the offense, if any, occurred at the same location, regardless of its proper name. The only other issue in the cause was whether appellant actually carried the gun onto the premises, or inexplicably found it in his hand during the course of the altercation, as he testified. That the name of the premises shown to appear on the license was different from the name alleged in the indictment to be a licensed premises could have no bearing on the factfinder's resolution of that question. Following the reasoning in *Thurmon,* supra, we find no fatal variance in indictment and proof in the instant cause.

Accordingly, the judgment of the court of appeals is reversed, and the decision of the trial court is affirmed.

TEAGUE, J., dissents.