Frankie SELVAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00009–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 9, 1987.

William T. Reece, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Mark Luitjen, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

OPINION

CHAPA, Justice.

Appellant, Frankie Lee Selvage, was convicted of possession of amphetamine. The issues before us are:

1) whether appellant received ineffective assistance of counsel; and

2) whether a fatal variance existed in the date of the prior conviction alleged in the indictment and the date of the prior conviction proved in the trial.

We affirm.

In the initial complaint, appellant alleges ineffective assistance of counsel because the defense counsel failed to present witness Sean Fessler who allegedly possessed exculpatory evidence on behalf of the appellant.

In this case, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For a reversal to be justified because of alleged ineffective assistance of counsel, *Strickland,* requires:

First, the defendant must show that counsel's performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. These standards have been adopted by the Texas Court of Criminal Appeals. *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986) (en banc). Isolated alleged deficiencies of the defense

counsel do not determine the adequacy of representation, rather the totality of the representation must be viewed in making this decision. *King v. State,* 649 S.W.2d 42 (Tex.Crim.App.1983) (en banc); *Archie v. State,* 615 S.W.2d 762 (Tex.Crim.App.1981).

In this case, the evidence presented during the hearing on the motion for new trial reflected: the appellant had testified during the trial he did not know who had placed the amphetamines in his car, because he only discovered Sean Fessler had put them there after the trial; the defense attorney learned the amphetamines belonged to Fessler after the trial; and Fessler revealed that he placed the amphetamines in the car to the appellant and the defense counsel after the trial. Although some conflict in the testimony of Sean Fessler was evident at the hearing, the appellant failed to sufficiently show a deficiency in the performance of the defense counsel. Allegations of ineffective representation must be firmly founded to be sustained, and the appellant has failed in this burden. *Harrison v. State,* 552 S.W.2d 151 (Tex. Crim.App.1977). The complaint is rejected.

In his final complaint, appellant alleges the trial court erred in finding the appellant a repeater in face of a fatal variance between the date of the prior conviction alleged in the indictment, and the date proved in trial. The indictment alleged the appellant was convicted "on the 27th day of December," when in fact the date of the conviction was May 29, 1985.

It is well settled that it is not necessary to allege prior convictions for the purposes of the enhancement of punishment with the same particularity as must be used in charging the original offense.

\* \* \* \* \* \*

The trend in the law regarding allegation of prior convictions has generally been toward a relaxation of the rigid rules of the past.

*Cole v. State,* 611 S.W.2d 79, 80–81 (Tex. Crim.App.1981). The allegations in an indictment should be correctly stated. However, "the object of the doctrine of variance between allegation of an indictment is to

**130**

avoid surprise, *Worsham v. State*, [56 Tex. Cr.R. 253], 120 S.W. 439 (1909), and for such variance to be material it must be such as to mislead the party to his prejudice. *Castro v. State*, [124 Tex.Cr.R. 13], 60 S.W.2d 211 (1933); *Thurmon v. State*, [145 Tex.Cr.R. 279], 167 S.W.2d 528 (1942)." *Cole v. State*, 611 S.W.2d at 82 *quoting Plessinger v. State*, 536 S.W.2d 380 (Tex.Crim.App.1976).

In the instant case, appellant has failed to allege, argue or prove that the variance misled him or prejudiced his position. In fact, in his motion in limine to suppress evidence filed on the 26th of November 1986, the appellant contends that the prior conviction alleged in the indictment actually occurred on May 25, 1985.

Appellant relies on *Zybura v. State*, 420 S.W.2d 954 (Tex.Crim.App.1967) which in turn relied on *Colvin v. State*, 357 S.W.2d 390 (Tex.Crim.App.1962). However, the Court of Criminal Appeals overruled *Colvin* in *Cole v. State*, 611 S.W.2d at 82.

We conclude that the appellant has failed to show the variance is fatal and reject the contention.

The judgment of the trial court is affirmed.