George KRUPA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–00419–CR.

Court of Appeals of Texas, Dallas.

March 30, 1988.

Rehearing Denied May 24, 1988.

David K. Wilson, Sherman, for appellant.

Jonathan H. Kamras, Sherman, for appellee.

Before DEVANY, LAGARDE and THOMAS, JJ.

LAGARDE, Justice.

Appellant, George Krupa, appeals from a conviction of criminal mischief. Krupa was convicted by a jury and sentenced by the court to five years' confinement, probated for five years. Krupa raises four points of error. For the reasons set out below, we affirm the judgment of the trial court.

Krupa and complainant, Mildred Hewitt Krupa (hereinafter "complainant"), were married and living together in the trailer damaged by Krupa at all times relevant to this case. On the evening of January 25, 1985, Krupa and complainant had an argument. As the conflict became more volatile, complainant told Krupa of her intention to call the Grayson County Sheriff. Krupa responded that if she did call the sheriff, he would burn the trailer. Complainant then left the trailer and called the sheriff's office. Complainant explained the situation to an employee of the Grayson County Sheriff's Department and two deputies agreed to go with her to the trailer house and wait there while she went in to get some of her belongings. When the two deputies and the complainant arrived at the trailer, they found the door to the trailer tied shut with a cord. Upon gaining entry, the three witnesses saw Krupa pour kerosene about the trailer and start a fire. The trailer and most of its contents were badly damaged.

In his first point of error, Krupa argues that the trial court erred in failing to submit his requested instruction regarding homestead law to the jury. Krupa requested that the trial court give the following instruction:

You are instructed that homestead is a dwelling house constituting the family residence, together with the land on which it is situated and appurtenances connected therewith. Occupancy and use of the property by the head of the family impresses upon the property a homestead.

The husband has a homestead interest in the wife's land so long as it is devoted to homestead usage, including the right to continue in possession and enjoyment thereof as homestead until abandonment, conveyance by both husband and wife, or divorce.

Both husband and wife have an equal right to possession of the homestead.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about January 25, 1985, in the County of Grayson and the State of Texas, George Krupa, hereinafter called "Defendant" did then and there intentionally damage and destroy, by putting a flammable liquid on said trailer and igniting said flammable liquid by a means unknown, tangible property, to-wit: a trailer, without the effective consent of Mildred Hewitt Krupa, and did thereby cause pecuniary loss in the amount of more than $20,000.00 to the said Mildred Hewitt Krupa, against the peace and dignity of the State, but you further find that the property allegedly damaged, to-wit: a trailer, was the homestead of George Krupa and Mildred Hewitt Krupa at the time that the alleged offense occurred, you will acquit the defendant and say by your verdict, "not guilty."

The State argues that the refusal of the trial court to submit the instruction as set out above was not error because Krupa's interest in the property was irrelevant to the prosecution of this case. The State relies on section 28.05 of the Texas Penal Code which states:

It is no defense to prosecution under this chapter that the actor has an interest in the property damaged or destroyed if another person also has an interest that the actor is not entitled to infringe.[1]

Section 28.05 is not applicable to the unique indictment and facts of this case. Krupa was charged under section 28.03 of the Texas Penal Code. Section 28.03 states:

A person commits an offense if, without the effective consent of the owner: ... he intentionally or knowingly damages or destroys the tangible property of the owner.[2]

Under this statute, the State must prove, as an element of its case, the ownership of property damaged or destroyed. Section 1.07(a)(24)[3] of the Texas Penal Code defines "owner" as a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. Therefore, depending on the facts, the State can prove ownership in any of the three ways provided in section 1.07(a)(24).

In this case, the original indictment read, in relevant part, as follows:

... did then and there intentionally and knowingly damage and destroy tangible property to-wit: a trailer, without the effective consent of Mildred Hewitt Krupa, the owner of said property....

Prior to trial, Krupa filed two motions to quash the indictment for failure of the indictment to: (1) specify on which type of ownership defined in section 1.07(a)(24) the State intended to rely at trial; and (2) specify by what manner or means Krupa did damage and destroy the property in question. The trial court granted both motions

1. TEX. PENAL CODE ANN. § 28.05 (Vernon 1974).

2. TEX. PENAL CODE ANN. § 28.03 (Vernon Supp.1987).

3. TEX. PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974).

but allowed the State to amend the indictment, rather than re-indict.[4]

The State's motion to amend the indictment reads, in relevant part, as follows:

The amendment would change the indictment by inserting after 'destroy' and before 'tangible' the following: "by putting a flammable liquid on said trailer and igniting said flammable liquid by a means unknown." And would further amend said indictment by inserting after property and before 'and' in the third line from the bottom the following: "by virtue of having a greater right to possession of said property than the defendant."

After the amendments the indictment should read;

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors, duly selected, organized and impaneled as such in and for the County of Grayson, State of Texas, at the JANUARY Term, A.D. 1985, of the District Court in and for the 59th Judicial District of Texas and for said County upon their oaths in said Court at said Term present that on or about the 25th day of January, A.D. 1985, and anterior to the presentment of this indictment, in the County of Grayson and State of Texas, GEORGE KRUPA hereinafter called "Defendant" did then and there intentionally damage and destroy, by putting a flammable liquid on said trailer and igniting said flammable liquid by a means unknown, tangible property, to-wit: a trailer, without the effective consent of Mildred Hewitt Krupa, the owner of said property *by virtue of having a greater right to possession of said property than the defendant,* and did thereby cause pecuniary loss in the amount of more than $20,000.00 to the said Mildred Hewitt Krupa, against the peace and dignity of the State.

WHEREFORE PREMISES CONSIDERED, the State prays the Court to grant the above motion. [Emphasis added.]

The Court's order reads, in relevant part, as follows:

IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED by the Court that the above action prayed for be and the same is hereby granted.

We first recognize that under the authority of *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App.1981), the language describing the particular type of ownership by which the complainant owned the property was not required. In *Thomas,* the court held that when a term such as "owner" is defined in the statute, it need not be further alleged in the indictment, even in the face of a motion to quash. Therefore, the words "by virtue of having a greater right of possession of said property than defendant" in the amended indictment were unnecessary words.

■ As a general rule, unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. But where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Huffman v. State,* 726 S.W.2d 155, 157 (Tex.Crim.App.1987); *Blevins v. State,* 672 S.W.2d 828, 830 (Tex.App.—Corpus Christi 1984, no pet.).

Under the amended indictment, as well as under section 28.03 of the Texas Penal Code, an essential element of the State's case was that Mildred Hewitt Krupa was the "owner" of the property. By alleging her ownership "by virtue of having a greater right to possession of said property than the defendant," the State obligated itself to prove those facts because they are "descriptive of that which is legally essential to charge a crime of criminal mischief." *Huffman,* 726 S.W.2d at 157; *Blevins,* 672 S.W.2d at 830.

■ By relying solely on section 28.05 of the Texas Penal Code, the State has failed to address the essence of Krupa's complaint. As we understand Krupa's com-

---

4. TEX. CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon Supp.1988).

plaint, he is not arguing that his interest in the property excused or justified actions that, in the absence of such an interest, would establish criminal mischief. Clearly, section 28.05 forecloses that defense. Instead, we understand Krupa to argue that the element of "ownership" is an essential element of the State's case and, because the State alleged in the indictment that the complainant's ownership was "by virtue of [her] having a greater right of possession," those facts were "descriptive of that which is legally essential" to charge an offense of criminal mischief; therefore, the State must prove those facts. We agree.

Section 28.05, on which the State relies, does not relieve the State of its burden of proof of each essential element of the offense beyond a reasonable doubt. By choosing to allege "greater right of possession" as descriptive of "owner," an essential element of its case, the State obligated itself to prove those facts, i.e., that complainant had a *greater* right of possession to the property than Krupa. Consequently, Krupa's possessory interest, if any, in the damaged trailer, becomes relevant to this inquiry. Under the unique amended indictment and facts of this case, we hold that section 28.05 is inapplicable.

Relevant to this inquiry, we must now focus on whether the trial court erred in its refusal to submit Krupa's requested charge as to homestead law. While it is true that a defendant is entitled to an instruction on any defensive theory raised by the evidence, the denial of a defendant's requested instruction is not error where the requested instruction is an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case. *Green v. State*, 566 S.W.2d 578, 584 (Tex.Crim.App. 1978).

This case is not a case in which a defendant admits to having committed the culpable conduct charged, but asserts by an affirmative defense that he should be found not guilty because his action was somehow justified or excused. In that circumstance, the defendant would be entitled to a jury charge so instructing the jury as to the applicable law in order to allow the jury, even though it finds the State has proven every element of the offense, to find the defendant not guilty. *See Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim. App.1986).

In the present case, proof of ownership was an essential element of the State's case. Krupa's requested instruction would have been an affirmative submission of a defensive issue that merely denied the existence of that essential element of ownership. Further, the trial court charged the jury that unless they found from the evidence beyond a reasonable doubt that the trailer was damaged or destroyed without "any consent of any kind from Mildred Hewitt Krupa, the owner, whose ownership is by virtue of having a greater right to possession of said property than defendant," or if they had a reasonable doubt thereof, they were to acquit Krupa. This charge was, therefore, sufficient to protect Krupa's right to require the State to prove each element of its case. Consequently, there was no error in the trial court's refusal to submit the requested charge. We overrule Krupa's first point of error.

In his second point of error, Krupa argues that the trial court erred in failing to grant his motion for a directed verdict because the evidence was insufficient to show that complainant had a greater right to possession of the damaged property than he did.

This point of error, as the first, must be approached in light of the fact that the State, by its amended indictment, undertook proof of ownership by evidence that complainant had a greater right to possession of the damaged property than Krupa.

As explained under the first point of error, we disagree with the State's contention that section 28.05 of the Texas Penal Code disposes of this case. However, we hold it was not error for the trial court to overrule Krupa's motion for a directed verdict because there was sufficient evidence from which the jury could reasonably infer that the complainant had a greater right of possession to the property than did Krupa

and, therefore, was the owner of the trailer as alleged in the indictment.

Our concern here is the meaning of "greater right of possession" as used in section 1.07(a)(24) of the Texas Penal Code. The evidence in this case indicates that the trailer was the separate property of the complainant. The evidence further indicates that Krupa made a specific, unqualified[5] threat to burn the trailer. This threat was not made simultaneously with the actual burning, but was made some time prior to the burning. We hold that evidence of such a threat gave the jury sufficient evidence from which to reasonably deduce, within the meaning of section 1.07(a)(24) of the Texas Penal Code, that at the moment in time when Krupa decided to burn the trailer, he forfeited whatever possessory interest he might have had in the property. *Cf. Freeman v. State*, 707 S.W. 2d 597, 606 (Tex.Crim.App.1986). The evidence established that complainant had a possessory interest in the property. However, once the evidence established that Krupa forfeited his possessory interest, the evidence was sufficient to support the jury's conclusion that complainant had a "greater right of possession" to the property than Krupa. The evidence being sufficient to prove complainant was the owner by virtue of having a greater right to possession of the property, we overrule Krupa's second point of error.

Krupa argues, in his third point of error, that the trial court erred in charging the jury that they could return a conviction based upon an affirmative finding of a lesser culpable mental state than alleged in the State's indictment. The original indictment in this case charged the culpable mental states of "intentionally and knowingly." In response to two motions to quash, the State filed a motion to amend the indictment. The motion requested that the trial court amend the indictment by specifying which type of ownership defined in section 1.07(a)(24) the State intended to rely on at trial, and by specifying by what manner or means Krupa did damage and destroy the property in question. The motion to amend the indictment was in response to, and addressed the matters raised in, the motions to quash. Neither the motions to quash nor the amendment language of the motion to amend addressed the culpable mental states of the accused.

The motion did contain a section which began: "[A]fter the amendments the indictment should read...." The suggested language in this part of the motion tracks the language of the original indictment except that the culpable mental state is described as "intentionally" rather than "intentionally and knowingly." We conclude that the language deleting a portion of the culpable mental state was not properly a part of the motion to amend the indictment but was, rather, merely surplusage. We further conclude that the original indictment language remains in effect except for that portion of it specifically altered by the court's ruling upon the motion to amend. In that we hold that the indictment in this case alleged the culpable mental states of "intentionally and knowingly" we are not presented with any error in the charge of the court. We overrule Krupa's third point of error.

In his fourth point of error, Krupa argues that the trial court erred in failing to submit his requested instruction on involuntary intoxication. The trial court gave the following instruction to the jury concerning involuntary intoxication:

Now if you find from the evidence beyond a reasonable doubt that at the time and place and on the occasion in question, the defendant George Krupa, did then and there unlawfully, intentionally and knowingly damage and destroy tangible property of Mildred Krupa, the owner, to-wit: a trailer, without the effective consent of any kind from Mildred Hewitt Krupa, as alleged in the indictment, but you further find from the evidence, or you have a reasonable doubt

---

5. See supra p. 2. In Texas, the longstanding rule has been that a threat, though conditional, is unqualified if the accused has no right to require the condition. *Doyle v. State*, 661 S.W.2d 726, 728 (Tex.Crim.App.1983). Here, Krupa had no right to demand that complainant refrain from calling the Grayson County Sheriff.

thereof, that at such time the defendant was suffering a disturbance of mental or physical capacity resulting from the introduction of an intoxicating substance into his body, and that he had exercised no independent judgment or volition in taking the intoxicant, and that as a result of his intoxication he did not know that his conduct was wrong, then you will find him "not guilty".

Involuntary intoxication is a defense to criminal culpability when it is shown that:

(1) The accused has exercised no independent judgment or volition in taking the intoxicant; and

(2) As a result of his intoxication the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

*Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim.App.1979). The instruction given by the court correctly apprised the jury of the law and adequately protected Krupa's rights.

Also under the fourth point of error, Krupa argues that the trial court erred in instructing the jury that involuntary intoxication did not constitute a defense to criminal culpability. Krupa's complaint clearly goes to the court's charge on *voluntary* intoxication. The court charged as follows:

> You are instructed that under our law neither intoxication nor temporary insanity of mind caused by intoxication shall constitute a defense to the commission of crime. Evidence of temporary insanity caused by intoxication should be considered in mitigation of the penalty attached to the offense.
>
> By the term "intoxication" as used herein is meant disturbance of mental or physical capacity resulting from the introduction of any substance into the body.
>
> By the term "insanity" as used herein, is meant that as a result of intoxication the defendant did not know that his conduct was wrong.
>
> Now if you find from the evidence that the defendant, George Krupa, was temporarily insane as defined in this charge

and such temporary insanity was produced by *voluntary intoxication,* then you may take such temporary insanity into consideration in mitigation of the penalty. [Emphasis supplied.]

 The crux of Krupa's complaint is that because the first sentence of the instruction refers to intoxication, the jury could assume that the instruction applied to both voluntary and involuntary intoxication. When the instruction is read in its entirety and in context with the rest of the charge it is clear that this instruction refers only to voluntary intoxication. Krupa's rights were adequately protected as to the law concerning both voluntary and involuntary intoxication. We overrule Krupa's final point of error.

The judgment of the trial court is affirmed.